## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PIERRE JORDAN (M-07905), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23-cv-3070 |
| | ) | |
| v. | ) | Honorable Colin S. Bruce |
| | ) | |
| NICOLE ZIMMERMAN et. al., | ) | **JURY DEMAND** |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

NOW COME Defendants, NICOLE ZIMMERMAN and CORY HUSTON improperly sued as CORY HOUSTON, ("Defendants"), by and through their attorney, KWAME RAOUL, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1(D)(1), hereby file their Motion for Summary Judgement stating as follows:

### INTRODUCTION

Plaintiff, Pierre Jordan, is an inmate within the Illinois Department of Corrections ("IDOC"), currently housed at Western Illinois Correctional Center ("Western"), which is also the facility in which the alleged constitutional violations occurred. This Court entered a Merit Review Order on August 29, 2023, stating Plaintiff narrowly alleged violations of his Eighth Amendment rights by Defendants, Correctional Officer Cory Huston and Sergeant Nicole Zimmerman.

Specifically, Plaintiff alleges that Defendants deprived him of toilet facilities for approximately four hours during a video deposition, causing him to urinate and defecate on himself.

None of Plaintiff's allegations are supported by the evidence, and the conditions to which Plaintiff was allegedly subjected do not give rise to a constitutional claim under the Eighth Amendment. Additionally, Defendants were not subjectively aware of the alleged unconstitutional conditions at the time of the June 23, 2022, deposition, so even if the objective component of a conditions of confinement claim is met, the subjective component is not. Plaintiff's claim that Defendants Houston and Zimmerman acted with deliberate indifference to his needs is equally unsupported by any evidence in this case. Consequently, judgment as a matter of law should be granted in Defendants' favor on all of Plaintiff's claims.

## DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS

1.  Plaintiff, Pierre Jordan (M-07905), is currently in the custody of the Illinois Department of Corrections at the Western Illinois Correctional Center ("Western"). Exhibit 1, Plaintiff's Complaint Dkt. 1.

2.  Sergeant Cory Huston and Sergeant Nicole Zimmerman are employees of the Illinois Department of Corrections. Exhibit 2 and 3, Declaration of Sergeant Cory Huston; Declaration of Sergeant Nicole Zimmerman.

3.  Defendant Huston and Sergeant Zimmerman were a Correctional Officer and Correctional Sergeant, respectively, at Western during the relevant period in this lawsuit, June 23, 2022. Exhibit 2 and 3, Declaration of Sergeant Cory Huston; Declaration of Sergeant Nicole Zimmerman.

4.  On June 23, 2022, Defendant Huston was assigned to the vocational building at Western. Exhibit 2, Declaration of Sergeant Cory Huston.

5.  On June 23, 2022, Plaintiff was scheduled to participate in a video deposition related to another legal matter. The deposition was conducted in the vocational building at Western where

all video depositions are conducted. Exhibit 4, Deposition of Plaintiff Pierre Jordan, *Jordan v. Warden Jackson*, 21-cv-1188.

6. On the record, Plaintiff made no requests to use the bathroom during the entire deposition. Additionally, Plaintiff did not notify the attorney on record that there were any issues with him needing to use the restroom or being denied restroom facilities. Exhibit 4.

7. Once the deposition concluded, Plaintiff left the vocational building and ran back to his cell house. Exhibit 1, 2.

8. On June 23, 2022, Defendant Nicole Zimmerman was assigned to cell house 4B and was running lines. Exhibit 3.

9. Upon entering his cell house, Plaintiff encountered Sgt. Zimmerman who was running lines of approximately 40 inmates out to the yard. Exhibit 3.

10. Sergeant. Zimmerman instructed Plaintiff to stop running and to wait for the line to move. Exhibit 3.

11. Plaintiff proceeded to urinate and defacate on himself. Exhibit 1, 3.

12. Sergeant Zimmerman halted the line and excused Plaintiff through the line to go back to his cell. Exhibit 3.

13. Plaintiff then changed his clothes. Exhibit 5, Deposition of Pierre Jordan.

14. Plaintiff does not claim any further injuries regarding this incident on June 23, 2022. Exhibit 5.

## ARGUMENT

**I.     Defendants Huston and Zimmerman Did Not Violate Plaintiff's Eighth Amendment Rights**

To establish a violation of the Eighth Amendment, Plaintiff must demonstrate that Defendants acted with deliberate indifference to a serious risk to his health or safety.

The Supreme Court has held that a prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, the evidence does not support Plaintiff's allegations that Defendants Huston and Zimmerman were deliberately indifferent to his health or safety. Both Defendants were performing their duties in a reasonable and responsible manner under the circumstances.

a. <u>Plaintiff's allegations lack factual support that would demonstrate Defendants knowingly disregarded his health or safety.</u>

The alleged denial of restroom access for approximately four hours during a legal deposition does not constitute a condition so serious as to amount to cruel and unusual punishment under the Eighth Amendment.

Courts have consistently held that temporary discomfort, such as that arising from a delay in restroom access, does not rise to the level of a constitutional violation. See *Jaros v. Ill. Dep't of Corr.,* 684 F.3d 667, 671 (7th Cir. 2012) (noting that only extreme deprivations regarding basic human needs such as food, medical care, sanitation, and physical safety trigger Eighth Amendment protection).

Defendant Huston, who was responsible for supervising the entrance and movement of inmates at the vocational building, was tasked with maintaining security, a paramount concern in any correctional setting. The deposition environment required strict control to prevent disruptions, and any denial of non-urgent requests, such as restroom access, was within the bounds of reasonableness. Plaintiff has provided no objective evidence that Defendant Huston was aware of any serious medical condition necessitating immediate restroom access.

Furthermore, denying restroom access during a structured legal proceeding that lasted only a few hours does not constitute deliberate indifference. The absence of any documented medical issues related to this incident further supports that there was no objectively serious deprivation. Plaintiff has not shown that he suffered any lasting harm or significant injury as a result of this temporary discomfort, which fails to meet the threshold for an Eighth Amendment violation. See *White v. Knight,* 710 F. App'x 260, 262 (7th Cir. 2018) (holding that a brief delay in restroom access, resulting in no lasting harm, does not violate the Eighth Amendment).

Even if the objective component were met, Plaintiff must also demonstrate that Defendants acted with deliberate indifference, meaning they knew of and disregarded an excessive risk to Plaintiff's health or safety.

There is no evidence that Defendants Huston or Zimmerman had such knowledge or acted with such disregard. Defendant Huston's actions were consistent with maintaining the integrity and security of his assigned location, and Defendant Zimmerman's brief interaction with Plaintiff post-deposition was aimed at maintaining order within the housing unit. Neither Defendant acted with the intent to cause harm or with reckless disregard for Plaintiff's well-being.

## II.     The Temporary Discomfort Experienced by Plaintiff Does Not Constitute a Constitutional Violation

The Eighth Amendment protects inmates from conditions of confinement that pose a serious threat to their health and safety, not from temporary discomfort or inconvenience.

The Seventh Circuit has repeatedly emphasized that the Constitution does not guarantee an inmate's comfort, but rather safeguards against conditions that deprive inmates of basic human needs. See *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Plaintiff's claim that he was forced to urinate and defecate on himself after being denied restroom access for approximately four hours does not rise to the level of a constitutional violation. The evidence shows that this incident, while unpleasant, was isolated and did not pose a serious or significant threat to Plaintiff's health or safety. Medical records from the day of the incident indicate that Plaintiff did not require immediate medical attention, nor did he report any long-term health issues. See *Mays v. Springborn*, 575 F.3d 643, 648-49 (7th Cir. 2009) (holding that occasional discomfort, without significant harm, does not establish an Eighth Amendment violation).

Moreover, Plaintiff was returned to his housing unit without incident, and there is no record of any medical complications arising from the alleged denial of restroom access. The discomfort Plaintiff experienced does not amount to the level of severity required to establish a constitutional claim. The Constitution does not protect against every minor inconvenience or discomfort that may occur in a prison setting. *See Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999) (noting that "the Eighth Amendment does not apply to every deprivation, or even every unnecessary deprivation, suffered by a prisoner").

III.    **Defendants' Actions Were Reasonable and Consistent with Legitimate Penological Interests**

Defendants Houston and Zimmerman acted in accordance with their duties as correctional officers, prioritizing security and order during a legal proceeding.

It is well-established that in the prison context, decisions made by correctional officers are often driven by the need to maintain discipline and security. The Eighth Amendment does not prohibit actions that are reasonably related to legitimate penological interests. See *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Defendant Houston's focus was on managing a secure and orderly environment during Plaintiff's deposition. Plaintiff did not communicate any urgent medical need that would have necessitated interrupting the deposition, and without any indication of an immediate or serious threat to Plaintiff's well-being, Houston's actions were entirely reasonable.

Similarly, Defendant Zimmerman's conduct in denying Plaintiff's request to use the restroom was brief and aimed at maintaining order within the housing unit. Zimmerman had no prior knowledge of Plaintiff's alleged medical condition that might have necessitated immediate bathroom access, nor is there any evidence to suggest that she acted with the intent to cause harm. Zimmerman's actions were in line with her duties to maintain discipline and security within the prison, and there is no indication that she deliberately ignored a known risk to Plaintiff's health.

In the context of the prison environment, where security is a constant concern, the decision to deny restroom access during a legal proceeding was made in good faith and in the interest of maintaining the proper conduct of the deposition.

The Seventh Circuit has recognized that prison officials are entitled to deference when it comes to maintaining order and security. See *Borek v. Esperson*, 29 F. App'x 261, 263 (7th Cir. 2002) (finding no Eighth Amendment violation where prison officials acted in good faith to maintain security).

Plaintiff has presented no evidence that Defendants acted out of malice or with disregard for his health and safety. Their actions were reasonable under the circumstances and aligned with the legitimate interests of the correctional facility. In the absence of evidence to the contrary, the Court should find that Defendants' conduct was appropriate and did not violate Plaintiff's rights.

**IV.     Plaintiff's Claims of Retaliation Are Unsupported by the Evidence**

Plaintiff has also alleged that Defendants Houston and Zimmerman acted in retaliation against him, presumably for participating in the legal process. However, there is no factual basis for this claim.

To establish a retaliation claim, Plaintiff must demonstrate that Defendants took adverse action against him in response to his exercise of a constitutional right. See *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

In this case, there is no evidence that Defendants Houston or Zimmerman acted out of retaliatory intent. Defendant Houston's role in supervising the deposition was carried out in accordance with his duties, and there is no indication that his decisions regarding restroom access were motivated by any desire to punish Plaintiff.

Similarly, Defendant Zimmerman's alleged threats and actions were solely related to maintaining order within the housing unit and were not in retaliation for any protected conduct by Plaintiff.

The timeline of events and the nature of Defendants' conduct do not support an inference of retaliation. Instead, the evidence shows that Defendants were performing their duties within the scope of their responsibilities. Plaintiff's speculation about retaliatory intent is insufficient to create a genuine issue of material fact. See Johnson v. Kingston, 292 F. Supp. 2d 1146, 1152 (W.D. Wis. 2003) (finding that vague and conclusory allegations of retaliation are not enough to survive summary judgment).

Without any evidence that Defendants acted with retaliatory intent, Plaintiff's claim must fail as a matter of law.

## **CONCLUSION**

For the reasons stated above, there is no genuine dispute of material fact regarding

Plaintiff's claims against Defendants Cory Houston and Nicole Zimmerman. The evidence

clearly shows that Defendants did not violate Plaintiff's Eighth Amendment rights, either

through deliberate indifference or retaliation. Accordingly, Defendants are entitled to judgment

as a matter of law, and the Court should grant summary judgment in their favor.


DATED: September 27, 2024               Respectfully Submitted,

KWAME RAOUL                       *s/ Gretchen Nordhausen*
Attorney General of Illinois            Gretchen Nordhausen
                                     Assistant Attorney General
                                     General Law Bureau
                                     Office of the Illinois Attorney General
                                     115 S LaSalle St.
                                     Chicago, IL 60602
                                     (217) 720-9563
                                     Gretchen.nordhausen@ilag.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2024, I electronically filed the foregoing ***Defendants' Motion for Summary Judgement***, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

n/a

and I hereby certify that on that same date, I caused to be mailed by United States Postal Service, a copy of the foregoing document to the following non-registered participant:

**Pierre Jordan,** *Pro Se*
**M-07905**
Western Illinois Correctional Center
2500 Route 99 South
Mt. Sterling, IL 62353

DATED: September 27, 2024               Respectfully Submitted,

KWAME RAOUL                       *s/ Gretchen Nordhausen*

Attorney General of Illinois

Gretchen Nordhausen
Assistant Attorney General
General Law Bureau
Office of the Illinois Attorney General
115 S LaSalle St.
Chicago, IL 60602
(217) 720-9563
Gretchen.nordhausen@ilag.gov