IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Pierre Jordan, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case no. 23 cv 3070 |
| ) | |
| v. ) | |
| ) | The Honorable Colin S. Bruce |
| Nicole Zimmerman, *et al.* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendants, Nicole Zimmerman and Cory Huston ("Defendants"), by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, hereby reply in support of their Motion for Summary Judgment (ECF No. 39), pursuant to Local Rule 7.1(D)(3). In support of such reply, Defendants state:

**Reply to Additional Material Facts**

Defendants object to Plaintiff's submission of additional facts as violating Local Rule 7.1(D)(2)(b)(5), which requires specific evidentiary documentation referenced by a specific page. Plaintiff's purported additional facts are vague, speculative, and lack the requisite evidentiary support. As such, they should be disregarded by this Court.

Subject to the foregoing objection, Defendants construe Plaintiff's affidavit and associated exhibits (ECF No. 96-2) as his purported statement of additional facts pursuant to Local Rule 7.1(D)(2)(b)(5) and reply as follows:

1. **Statement**: Plaintiff alleges that the Complaint asserts violations including excessive force, intentional infliction of emotional distress, and deliberate indifference.
   **Response**: Solely for purposes of the motion for summary judgment, immaterial and undisputed. Immaterial because Plaintiff's Complaint is part of the record and speaks for itself.

2. **Statement**: Plaintiff claims Defendant Admire denied him food after a verbal exchange and ordered him back to the housing unit.
   **Response**: Material and undisputed. However, this fact is not material to Plaintiff's claims regarding restroom access or conditions during the video deposition.

3. **Statement**: Plaintiff asserts that Defendant Admire tackled him to the ground after heckling and trying to grab his shirt.
   **Response**: Objection. Compound and vague as to "heckling," "grab," and "tackling." This statement violates Local Rule 7.1(D)(2)(b)(5) because it does not separate individual facts. Subject to the objection, material and disputed. Disputed because Plaintiff testified that he resisted being placed in handcuffs by Defendant Admire. (Plaintiff's Deposition, ECF No. 93-1, 34:5-11, 43:9-11, 44:15-16.)

4. **Statement**: Plaintiff alleges that Defendant Admire repeatedly punched him while other officers held him down.
   **Response**: Objection. Compound and vague as to "repeatedly punched" and "held." Subject to the objection, material and disputed. Disputed because Plaintiff's deposition testimony contradicts this account. Additionally, Plaintiff's allegations are unsupported by admissible evidence. (ECF No. 93-1, 43:9-11.)

5. **Statement**: Plaintiff claims injuries including bloodied facial features, a swollen and possibly broken nose, a chipped tooth, and black eyes.
   **Response**: Objection. Vague and speculative as to "possibly broken" and "thought to be." Plaintiff's allegations lack evidentiary support and are contradicted by medical records. Subject to the objection, material and disputed. Disputed because Exhibit A (ECF No. 96-1 at 9) does not substantiate the alleged injuries.

6. **Statement**: Plaintiff asserts that Lt. Jones sprayed him with OC spray after the altercation.
   **Response**: Objection. Argumentative as to "after the altercation." Subject to the objection, material and undisputed.

7. **Statement**: Plaintiff alleges a correctional officer instructed a nurse not to wash the OC spray from his eyes.
   **Response**: Objection. Speculative and lacking foundation. Subject to the objection, immaterial and disputed. Disputed because Plaintiff testified he does not know who allegedly instructed the nurse. (ECF No. 93-1, 37:8-40:7, 51:5-16.)

8. **Statement**: Plaintiff alleges he was told by another nurse that officers had instructed medical staff not to treat him.
   **Response**: Objection. Inadmissible hearsay and lacking foundation. Subject to the objection, immaterial and disputed. Disputed because Plaintiff's testimony does not identify who allegedly made this statement or substantiate its accuracy. (ECF No. 93-1, 37:8-40:7.)

9. **Statement**: Plaintiff asserts he was not sent to an outside hospital for his injuries.
   **Response**: Objection. Speculative and irrelevant. Subject to the objection, immaterial and undisputed. Immaterial because Plaintiff has not alleged that any Defendant interfered with medical decisions regarding hospital transport.

10. **Statement**: Plaintiff claims a nurse suggested he should have received a CAT scan or MRI.
    **Response**: Objection. Inadmissible hearsay and lacking evidentiary support. Subject to the objections, immaterial and disputed. Disputed because medical records indicate Plaintiff received adequate care, including X-rays on the date in question. (Exhibit C, ECF No. 1-1 at 5.)

11. **Statement**: Plaintiff asserts that medical staff initially denied him pain medication.
    **Response**: Immaterial and undisputed. Immaterial because no conduct attributable to Defendants is alleged.

12. **Statement**: Plaintiff claims documents regarding his pain complaints were falsified.
    **Response**: Objection. Vague as to "documents" and "falsified." Subject to the objection, immaterial and disputed. Disputed because Plaintiff does not identify any specific falsified documents or attribute this conduct to Defendants.

## Argument

**I.      Plaintiff's Noncompliance with Local Rule 7.1**

Plaintiff's Response fails to comply with Local Rule 7.1(D), which requires clear, numbered responses to each of Defendants' Statements of Undisputed Material Fact (SOF). Plaintiff neither disputes nor addresses these facts, and as such, they must be deemed admitted. See Bordelon v. Chicago Sch. Reform Bd. of Trustees, 233 F.3d 524, 527 (7th Cir. 2000). The failure to address Defendants' SOF materially undermines Plaintiff's response and confirms that no genuine issue of material fact exists to preclude summary judgment.

**II.     Plaintiff Misapplies Legal Standards and Mischaracterizes Facts**

Plaintiff's allegations regarding restroom access fail to demonstrate a constitutional violation. As set forth in Defendants' Motion, the denial of restroom access during a video deposition does not rise to the level of an objectively serious deprivation under the Eighth Amendment. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). Plaintiff has not shown that the alleged deprivation caused lasting harm or significant injury.

Furthermore, Plaintiff's assertions are unsupported by evidence. Plaintiff's reliance on personal grievances and conclusory statements does not establish the deliberate indifference required under Estelle v. Gamble, 429 U.S. 97, 104 (1976). Plaintiff's medical records and deposition transcripts fail to substantiate claims of exacerbated harm linked to Defendants' actions.

Plaintiff's retaliation claims are similarly deficient. To prevail on a retaliation claim, Plaintiff must establish a causal connection between his protected activity (e.g., filing grievances) and the alleged adverse actions. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). Plaintiff provides no evidence of such a connection, relying instead on speculative allegations of harassment. Generalized claims of disparate treatment are insufficient to create a

## Argument

**I.      Plaintiff's Noncompliance with Local Rule 7.1**

Plaintiff's Response fails to comply with Local Rule 7.1(D), which requires clear, numbered responses to each of Defendants' Statements of Undisputed Material Fact (SOF). Plaintiff neither disputes nor addresses these facts, and as such, they must be deemed admitted. See Bordelon v. Chicago Sch. Reform Bd. of Trustees, 233 F.3d 524, 527 (7th Cir. 2000). The failure to address Defendants' SOF materially undermines Plaintiff's response and confirms that no genuine issue of material fact exists to preclude summary judgment.

**II.     Plaintiff Misapplies Legal Standards and Mischaracterizes Facts**

Plaintiff's allegations regarding restroom access fail to demonstrate a constitutional violation. As set forth in Defendants' Motion, the denial of restroom access during a video deposition does not rise to the level of an objectively serious deprivation under the Eighth Amendment. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). Plaintiff has not shown that the alleged deprivation caused lasting harm or significant injury.

Furthermore, Plaintiff's assertions are unsupported by evidence. Plaintiff's reliance on personal grievances and conclusory statements does not establish the deliberate indifference required under Estelle v. Gamble, 429 U.S. 97, 104 (1976). Plaintiff's medical records and deposition transcripts fail to substantiate claims of exacerbated harm linked to Defendants' actions.

Plaintiff's retaliation claims are similarly deficient. To prevail on a retaliation claim, Plaintiff must establish a causal connection between his protected activity (e.g., filing grievances) and the alleged adverse actions. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). Plaintiff provides no evidence of such a connection, relying instead on speculative allegations of harassment. Generalized claims of disparate treatment are insufficient to create a

triable issue.

### III. Plaintiff Fails to Raise Genuine Issues of Material Fact

Plaintiff's Response fails to controvert Defendants' evidence and arguments. Defendants' SOF, supported by admissible evidence, demonstrates the absence of genuine disputes. Plaintiff's submission of voluminous, disorganized exhibits does not cure the deficiencies in his arguments. Plaintiff's failure to cite specific evidence in the record to establish genuine disputes is fatal to his claims.

Courts have routinely held that it is not the Court's role to sift through disorganized filings in search of relevant evidence. See Albrechtsen v. Bd. of Regents of Univ. of Wisconsin Sys., 309 F.3d 433, 436 (7th Cir. 2002). Rule 56(c) demands that a party opposing summary judgment identify the specific portions of the record that demonstrate a genuine issue of material fact.

For example, Plaintiff's allegations regarding Defendants Zimmerman and Huston's conduct are unsupported by credible evidence. The deposition transcript demonstrates that security concerns and procedural considerations justified the denial of restroom access. Plaintiff fails to connect any admissible evidence to his claims of deliberate indifference or retaliation. Instead, Plaintiff relies on inflammatory and irrelevant allegations—such as speculative claims about prior misconduct by unrelated individuals—which are insufficient to create a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) (requiring more than a 'mere scintilla' of evidence to oppose summary judgment).

### IV. Legal Standard Misconstrued

Plaintiff's Response misconstrues the summary judgment standard under Rule 56 of the Federal Rules of Civil Procedure. Once Defendants demonstrated the absence of material disputes, the burden shifted to Plaintiff to set forth specific facts showing a genuine issue for trial. See

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Plaintiff's speculative assertions, unsupported by evidence, fail to meet this burden. Courts grant summary judgment where the nonmovant's response relies on unsubstantiated allegations or irrelevant claims. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

Additionally, Plaintiff fails to satisfy the elements required for an Eighth Amendment violation, which necessitate both an objectively serious deprivation and subjective deliberate indifference by Defendants. Plaintiff provides no evidence of either. The lack of admissible facts demonstrating genuine disputes of material fact compels the granting of summary judgment in favor of Defendants.

For the foregoing reasons, Defendants respectfully request this Court grant their Motion for Summary Judgment and dismiss Plaintiff's claims with prejudice.

Date: December 31, 2024

Respectfully submitted,

By: /s/ *Gretchen Nordhausen*

KWAME RAOUL
Attorney General of Illinois

GRETCHEN NORDHAUSEN
BAR NO. 6337537
Assistant Attorney General
Office of the Illinois Attorney General
General Law Bureau, Prisoner Litigation
115 S LaSalle St.
Chicago, Illinois 60601
(217) 720-9563
Gretchen.nordhausen@ilag.gov

# CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2024, I electronically filed the foregoing *Defendants' Reply in Support of Motion for Summary Judgment*, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

n/a

and I hereby certify that on that same date, I caused to be mailed by United States Postal Service, a copy of the foregoing document to the following non-registered participant:

**Pierre Jordan,** *Pro Se*
**M-07905**
Western Illinois Correctional Center
Inmate Mail/Parcels
2500 Route 99 South
Mt. Sterling, IL 62353

DATED: December 31, 2024

KWAME RAOUL
Attorney General of Illinois

Respectfully Submitted,

*s/ Gretchen Nordhausen*
GRETCHEN NORDHAUSEN
BAR NO. 6337537
Assistant Attorney General
Office of the Illinois Attorney General
General Law Bureau, Prisoner Litigation
115 S LaSalle St.
Chicago, Illinois 60601
(217) 720-9563
Gretchen.nordhausen@ilag.gov